UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SALIMOU BALDE,

Petitioner,

v.

ANDRE QUINONES, et al.,

Respondents.[1]

Case No. 2:26-cv-03992-TMC

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

## I. INTRODUCTION AND BACKGROUND

Petitioner Salimou Balde is a Guinean citizen who entered the United States seeking asylum in October 2023. Dkt. 2 ¶¶ 2, 4–5; Dkt. 6-1 at 2. Following his entry, Border Patrol agents arrested him, issued him a Notice to Appear, and released him on his own recognizance. Dkt. 2 ¶¶ 5–6; Dkt. 6-1; Dkt. 7 ¶¶ 4–6. There is no copy of Petitioner's Order of Release on Recognizance ("OREC") in the record before the Court. *See* Dkt. 5 at 3 n.3 ("ICE could neither locate nor confirm the existence of a formal OREC for Petitioner before the filing of this return.").

[1] Andre Quinones, Seattle Field Director, Enforcement and Removal Operations, Immigration and Customs Enforcement, is substituted for Julio Hernandez under Federal Rule of Civil Procedure 25(d). The Clerk is directed to amend the caption to reflect this change.

Petitioner then moved to live with his brother in New York, where he applied for asylum and obtained a work permit. Dkt. 2 ¶ 7; Dkt. 1-2 at 35–46, 55–56; Dkt. 7 ¶ 7. In June 2025, following an altercation with a roommate, he was arrested by the New York City Police Department and charged with third-degree assault and second-degree harassment. Dkt. 2 ¶ 9; Dkt. 6-3 at 4; Dkt. 7 ¶ 8. Those charges have since been dismissed. Dkt. 1-2 at 50; Dkt. 2 ¶ 9.

Later that month, Immigration and Customs Enforcement ("ICE") learned of Petitioner's arrest and sent him a call-in letter requiring him to report for an in-person appointment. Dkt. 6-3 at 3; Dkt. 7 ¶ 9. The call-in letter is not included in the record, but Petitioner attests that it did not mention any plans by ICE to arrest or detain him. Dkt. 2 ¶ 10. On August 6, 2025, Petitioner appeared for his appointment and was arrested by ICE officers. *Id.* ¶ 11; Dkt.6-2; Dkt. 6-3 at 3; Dkt. 7 ¶ 10. Eight days later, he was transferred to the Northwest ICE Processing Center, where he remains detained. Dkt. 2 ¶¶ 3, 12; Dkt. 7 ¶ 11.

On October 17, 2025, an Immigration Judge ("IJ") denied Petitioner's asylum application and ordered his removal to Guinea. Dkt. 6-4. Petitioner appealed the removal order to the Board of Immigration Appeals, which has not yet issued a ruling. Dkt. 2 ¶ 13; Dkt. 7 ¶ 14. In May 2026, Petitioner requested a bond hearing before an IJ. Dkt. 1-2 at 17–31. The IJ determined that she lacked jurisdiction to consider Petitioner's request because he was subject to mandatory detention. Dkt. 6-5 at 2. In the alternative, she ruled that she would deny bond because Petitioner presents a flight risk or danger to the community. *Id.* at 3.

On October 19, Petitioner filed a petition for writ of habeas corpus, arguing that ICE violated his due process rights by re-detaining him without notice or a hearing, and that the IJ presiding over his bond hearing abused her discretion by failing to apply the proper standard in her alternative findings. Dkt. 1. On November 2, Federal Respondents filed a return. Dkt. 5. One week later, Petitioner filed a traverse. Dkt. 8.

The habeas petition is now ripe for the Court's review. Because Petitioner's re-detention violated his due process rights, the Court GRANTS the petition and ORDERS Respondents to release Petitioner within one day of this order. Having determined that Petitioner is entitled to relief on that basis, the Court does not consider his argument that the IJ abused her discretion in denying bond.

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c)(3).

## III. DISCUSSION

Petitioner argues that his arrest and detention have violated the Immigration and Nationality Act ("INA") and the Fifth Amendment. Dkt. 1 ¶¶ 48–53, 80–83. He seeks immediate release from custody and an injunction preventing Respondents from re-detaining him absent notice and a hearing. *Id.* ¶¶ 31–47, 69–77; Dkt. 8 at 4–8. The Court addresses each of these arguments below.

### A. Petitioner is detained under 8 U.S.C. § 1226(a).

As an initial matter, the parties dispute which provision of the INA governs Petitioner's detention. Petitioner argues that he is subject to the discretionary detention regime of 8 U.S.C. § 1226(a), Dkt. 1 ¶¶ 48–52, while Federal Respondents assert that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), Dkt. 5 at 5–6. This Court has explained that the government's treatment of a petitioner over the course of their removal proceedings is especially relevant in determining the applicable detention authority. *Del Valle Castillo v. Wamsley*,

No. 2:25-CV-02054-TMC, 2025 WL 3524932, *5 (W.D. Wash. Nov. 26, 2025). Where, as here, a petitioner was released on an OREC after initial detention, he is then subject to § 1226(a) if re-detained, absent changed circumstances justifying detention under a different statute. *Id.* at *7 (citing *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007)). Federal Respondents have not submitted a copy of Petitioner's OREC or of his call-in letter, and they do not argue that his arrest constituted a changed circumstance justifying mandatory detention. *See* Dkt. 5 at 6. The Court therefore agrees with Petitioner that he is subject to discretionary detention.

**B. Due process requires Petitioner's release from custody.**

Petitioner analyzes the constitutionality of his detention through the three-factor test outlined in *Mathews v. Eldridge*, 424 U.S. 319 (1976). Dkt. 1 ¶¶ 31–47. The principles of *Mathews* and procedural due process as applied to noncitizens living in the community under bonds or orders of supervision have been repeatedly established by the courts of this District. *See generally, e.g.*, *E.A.T.B. v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. 2025); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130 (W.D. Wash. 2025); *Kumar v. Wamsley*, 2:25-cv-01772-JHC-BAT, 2025 WL 2677089 (W.D. Wash. Sept. 17. 2025). This Court will not retread that ground in every case, such as this one, that arises from Respondents' repeated, ongoing detention of noncitizens in violation of those principles. *See, e.g.*, *Lima Gamez v. Hernandez*, No. 2:26-cv-01104-BAT, 2026 WL 1382362, at *7 (W.D. Wash. May 18, 2026) ("Respondents have given no indication that they intend to stop indiscriminately re-detaining previously released persons without prior notice and opportunity to be heard, despite the voluminous caselaw in this district repeatedly declaring such arrests unlawful."); *Ortiz v. Hermosillo*, No. 2:26-cv-00384-TL, 2026 WL 607672, at *5 (W.D. Wash. Mar. 4, 2026) ("Respondents have been on notice in this District since at least August 19, 2025" yet "continue[] to re-detain petitioners in this District without due

process.”). Instead, the Court will focus on whether anything in the record here distinguishes this petition from this District’s body of cases on procedural due process.

Here, there are no such distinguishing facts. Federal Respondents acknowledge that “[t]he facts in this case are similar to prior cases where courts have found that ICE violated due process when re-detaining a noncitizen for violating conditions of supervision without a pre-deprivation hearing.” Dkt. 5 at 6–7. Federal Respondents have produced no evidence of the specific conditions of Petitioner’s prior release, nor have they shown that the call-in letter he received provided notice that he violated any such conditions. The Court thus concludes that the circumstances of Petitioner’s arrest are largely indistinguishable from the many due process cases decided in this District that have ordered release. *See, e.g.*, *Ramirez Tesara*, 800 F. Supp. 3d at 1137. The government’s decision to re-detain Petitioner without notice or hearing violated his right to procedural due process, warranting his release from custody.

**C. Petitioner is entitled to injunctive relief against re-detention without proper procedural safeguards.**

Petitioner asks the Court to permanently enjoin Respondents from re-detaining him “absent written notice and a hearing prior to re-detention where Respondents must prove by clear and convincing evidence that he is a flight risk or danger to the community and that no alternative to detention would mitigate those risks.” Dkt. 1 at 28. Federal Respondents counter that this requested relief “is overbroad, disproportionate, and fails to adequately account for any future material changes in circumstances such as the entry of a final order of removal.” Dkt. 5 at 7–9.

A petitioner seeking permanent injunctive relief must show

> (1) that [he] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy

> in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Petitioner alleges that during his time in immigration detention, his health has suffered, and he has been unable to communicate with family members or to financially support his mother, as he previously had done. Dkt. 2 ¶¶ 14, 16. Petitioner has undoubtedly suffered irreparable injuries—his unlawful re-detention and violation of his constitutional rights, loss of regular contact with his family—"for which monetary damages are likely unavailable or inadequate to compensate him." *Saadhom v. Bondi*, 829 F. Supp. 3d 907, 919 (W.D. Wash. 2026) (citing *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)). The balance of hardships leans in Petitioner's favor, "as the injunction requires only that Respondents comply with the Constitution before re-detaining him." *Saley v. Scott*, No. 2:26-cv-00797-JNW, 2026 WL 914810, at *5 (W.D. Wash. Apr. 3, 2026). Lastly, "the public interest is served by an order prohibiting Respondents from violating the Due Process Clause." *Id.*

Petitioner has satisfied the requirements for a permanent injunction. As other orders in this District have observed, Respondents have demonstrated an intent to continue their practices no matter how many federal district courts conclude that those practices violate the law. *See, e.g.*, *Lima Gamez*, 2026 WL 1382362, at *7. Petitioner thus faces an ongoing likelihood of irreparable harm. Absent circumstances urgently requiring arrest, or an administratively final order of removal, the Court prohibits Respondents from re-detaining Petitioner as described below. *See Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1036 (N.D. Cal. 2025) ("[T]here may be situations that urgently require arrest, in which a prompt post-deprivation hearing is appropriate."); *Caglar v. Wamsley*, No. 2:26-cv-00787-TMC, 2026 WL 1123515, at *5 (W.D. Wash. Apr. 24, 2026) (discussing burden of proof in re-detention hearings).

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within 24 hours of this Order, Respondents must RELEASE Petitioner Salimou Balde subject to reasonable terms of supervision.

3. Respondents must return to Petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.

4. Absent circumstances urgently requiring arrest or an administratively final order of removal, Respondents are ENJOINED from re-detaining Petitioner Salimou Balde during the pendency of his removal proceedings absent written notice and a pre-deprivation hearing before a neutral decisionmaker, at which the government bears the burden of proving by clear and convincing evidence Petitioner's dangerousness or risk of flight based on changed circumstances.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412 and the parties are encouraged to confer before filing a petition.

Dated this 20th day of November, 2026.

Tiffany M. Cartwright
United States District Judge